## 3591

### JOHNSON v. CAROLINA GAS & ELECTRIC CO.

#### (91 S. E. 734.)

WATERS AND WATERCOURSES—PUBLIC WATER SUPPLY—RIGHT TO CUT OFF WATER FOR NONPAYMENT.—A public service water company, though authorized by its franchise to discontinue service for nonpayment, had no right to cut off a consumer's water supply on account of a debt due for water supplied at a previous time and by another company, assigned to the present company.

Before SHIPP, J., Marion, September, 1916.   Affirmed.

Application for mandamus by James W. Johnson against the Carolina Gas & Electric Company. From an order granting the writ, respondent appeals.

*Messrs. Willcox & Willcox, Geo. E. Dargan* and *A. F. Woods,* for appellant, cite: *As to duty to consumer:* 127 Pac. 619; 27 Pac. 441; 156 Pac. 836.   *Remedy:* 217 Pac. 620; 90 S. C. 475; 182 S. W. 186; L. R. A. 1916d, 300. *Distinguish* 81 S. C. 438; 88 S. C. 351.   *Admitted facts:* 94 S. C. 43.   *Remedy of consumer:* 78 S. C. 200; 104 S. C. 125; 81 S. C. 438.   *Tender:* 30 Cyc. 1186; 18 S. C. L. (2 Bail.) 274; 39 S. C. 4; 30 Cyc. 165; 10 S. C. Eq. (1 Hill) 122.   *Mandamus:* 41 S. C. L. (7 Rich.) 271.

*Messrs. L. D. Lide* and *H. S. McCandlish,* for respondent, cite: 81 S. C. 438; 88 S. C. 350.   *Findings of fact in proceedings for mandamus:* 56 S. C. 48.   *Disputed bills:* 29 L. R. A. 376.   *Refusal to render service:* 26 Cyc. 323; 68 S. C. 31.

FOOTNOTE.—As to right of water company to cut off water supply for nonpayment of water rent, see *Poole* v. *Water Co.,* 81 S. C. 438, 62 S. E. 874, 128 Am. St. Rep. 923, and notes in 19 A. &. E. Ann. Cas. 847, Ann. Cas. 1914a, 542, 14 L. R. A. 669, 40 L. R. A. (N. S.) 263 to 265, 31 L. R. A. (N. S.) 301 to 304, 61 L. R. A. 33, 39 L. R. A. (N. S.) 814.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

On the 15th day of June, 1916, the respondent cut off the relator's light and water from his residence and office building, on account of arrears of water rent, for the office building, for the months February, March and April, 1916. During those months the plant was operated by the Carolina Central Electric Company. The relator applied to his Honor, Judge Shipp, for a writ of mandamus to require the restoration of the service. The writ was granted, and from this order this appeal was taken.

There are nine exceptions, but the appellant does not argue them separately, and we will not consider them separately.

In the view this Court takes of this case, there is only one question, to wit: Can the respondent discontinue the service, even if there was a debt due for water, supplied at a previous time, and that supplied by another company?

The case of *Benson* v. *Water Co.,* 88 S. C., on page 354, 70 S. E., on page 897, answers the question. Quoting from *Poole* v. *Water Co.,* 81 S. C. 438, 62 S. E. 874, 128 Am. St. Rep. 923, we find:

" 'While a public service water company has the right to cut off a consumer's water supply for nonpayment of recent and just bills for water rent,' etc. * * * We agree with the Circuit Judge that the water company cannot be allowed to refuse to furnish water under the contract of December 1, 1909, even if there was a debt due for water supplied at a previous time and a different place."

The appellant cites from the franchise as its authority:

"Upon the failure or refusal of any consumer to comply with the foregoing provisions, or any reasonable rule or regulation of the said A. N. Walker, his heirs and assigns,

and upon the failure of any customer to settle any bill when due, service may be discontinued and the amount of deposit returned to such customer after deducting all his bills due."

The service was discontinued here for past-due bills, under a contract made with another concern, and assigned to the appellant.

These companies should have a short and inexpensive method of collecting just bills, but we have been cited to no authority, and we know of none, that allows the short method for the collection of assigned accounts for past-due bills. Mr. Johnson denies that he is due anything for arrears of water rent.

The order is affirmed.